UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PALM HARBOR HOMES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-179 |
| | ) | (VARLAN/GUYTON) |
| SWANN'S MOBILE HOME SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Palm Harbor Homes, Inc. ("Palm Harbor") has filed a Motion for Order to Confirm and Enter Judgment on Arbitrator's Ex Parte Award for Damages and Brief of Law in Support of Motion (the "Motion for Judgment") [Doc. 4]. In the Motion for Judgment, Palm Harbor requests that the Court confirm the Ex Parte Award of Arbitrator in In re Palm Harbor Homes and Swann's Mobile Home Service, No. 30-145-E-00494-08 ("the Arbitrator's Award") [Doc. 1-2], entered on December 16, 2008, following an arbitration hearing on this matter. The Court notes that defendant Swann's Mobile Home Service ("Swann's Mobile Home Service") has not filed an opposition or response to the Motion for Judgment and the time for doing so has passed. *See* L.R. E.D. TN 7.1(a), 7.2.

Palm Harbor filed a Petition/Application to Confirm and Enter Judgment on Arbitrator's Ex Parte Award for Damages ("the Petition") [Doc. 1] in this Court on April 24, 2009. Attached to the Petition was the Arbitrator's Award and the underlying Independent Contractor/Transportation Agreement ("the Agreement") [Doc. 1-1], entered into between

the parties. The Agreement entered into between Palm Harbor and Swann's Mobile Home Service contains a provision in which the parties agreed to submit any disputes to "binding arbitration." [*Id.*]. Pursuant to the Agreement, on or about June 18, 2008, Palm Harbor filed a demand for arbitration and served notice of this demand on Swann's Mobile Home Service [*See* Doc. 1-2]. Swann's Mobile Home Service did not respond to the demand and did not appear at the arbitration hearing [*See id.*]. Accordingly, Arbitrator Mark C. Travis entered an arbitration award against Swann's Mobile Home Service in the amount of $29,322.98, plus post-judgment interest at a rate of 6% [*See id.*]. Palm Harbor then filed the Petition in this Court, a summons was issued to Swann's Mobile Home Service, and the summons was returned executed [Doc. 3]. Swann's Mobile Home Service has not filed an opposition or response.

The Court has carefully reviewed Palm Harbor's Motion for Judgment, the parties' Agreement, and the December 16, 2008 Arbitrator's Award [Docs. 1, 1-1, 1-2, 4]. It is clear from the Agreement that the parties agreed to submit any disputes to "binding arbitration," thus evidencing an agreement for judicial confirmation of the award.[1] *See Booth v. Hume Pub., Inc.*, 902 F.2d 925, 930 (11th Cir. 1990) (stating that "'[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made

---

[1]Section 7. Arbitration of the Independent Contractor/Transportation Agreement ("the Agreement") provides that "[a]ny dispute, claim, or controversy arising from or relating to this Agreement . . . shall be resolved by binding arbitration administered by the American Arbitration Association. This arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code. . . . Judgment upon the award rendered may be entered in any Court having jurisdiction." [Doc. 1-1].

2

pursuant to the arbitration,' then a United States court in the district in which the award was made has the authority to confirm the award") (citing 9 U.S.C. § 9). It is also clear that the Court must confirm an arbitration award unless the Court instead vacates, corrects, or modifies the arbitration award and Swann's Mobile Home Service has provided no basis to do so in this case. 9 U.S.C. § 9.

Accordingly, the Court finds that Palm Harbor's Motion for Judgment [Doc. 4] is well taken and it is hereby **GRANTED**, whereby the December 16, 2008 Arbitrator's Award in the amount of $29,322.98 is awarded against defendant Swann's Mobile Home Service and to plaintiff Palm Harbor Homes, Inc. Thus, this amount is hereby **AFFIRMED and ENFORCED** with post-judgment interest of six percent (6%) to begin to accrue if payment is not made within thirty (30) days of the date of this order. The Clerk is **DIRECTED** to close this case and mail a copy of this order to defendant Samuel R. Swann, d/b/a Swann's Mobile Home Service, P.O. Box 602, White Pine, TN 37890.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE